IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BANK OF AMERICA, N.A., etc.,       )
                                   )
            Plaintiff and          )
          Counterdefendant,        )
                                   )
      v.                           )        No.  09 C 5108
                                   )
FIRST MUTUAL BANCORP OF            )
ILLINOIS, INC., et al.,            )
                                   )
            Defendants and         )
          Counterplaintiffs.       )
_____    )
                                   )
BANK OF AMERICA, N.A., etc.,       )
                                   )
            Plaintiff and          )
          Counterdefendant,        )
                                   )
      v.                           )        No.  09 C 5109
                                   )
PETHINAIDU VELUCHAMY, et al.,      )
                                   )
            Defendants and         )
          Counterplaintiffs.       )

MEMORANDUM ORDER

During the course of the July 8, 2011 continued hearing on

various pending motions in these actions, those present in court

comprised--in addition to (1) the counsel for plaintiff and all

defendants and (2) defendants Pethinaidu and Parameswari

Veluchamy ("Veluchamy Defendants") personally--counsel for Arun

Veluchamy ("Arun"), for McGladrey & Pullen, LLP ("McGladrey"),

for Federal Deposit Insurance Company ("FDIC") as receiver of

defendant Mutual Bank, for Dr. and Mrs. Naidu and for Rajiv

Parathasarathy.  This Court initially expressed its threshold

views as to the several motions, based in part on the input that had been received from all sources, and it then provided all counsel the opportunity to address any of the issues involved. At the conclusion of those proceedings this Court announced the following oral rulings for the reasons that it stated orally in open court:

1. It will rule on McGladrey's motion for a protective order shortly.

2. It deferred the entry of any Civil Contempt Order against the Veluchamy Defendants based on their previously-determined contempt of court, because some further developments are in progress in that respect (including but not limited to Veluchamy Defendants' contemplated deposit with the Clerk of Court of the cash equivalent of the aggregate amounts listed for jewelry items in Veluchamy Defendants' personal property floater insurance policies.[1] Any such cash deposit will not however obviate the need for Veluchamy Defendants (and for Arun and Anu Veluchamy ("Anu") as well) to provide acceptable explanations (a) of what happened to the listed jewelry, or to the proceeds of sale to the extent that any such jewelry was sold, and (b) of the

_____

[1] Veluchamy Defendants' counsel have represented that the contemplated cash deposit will come from pension funds that could not otherwise be reached by plaintiff as a source for partial satisfaction of its judgment.

inconsistent representations that have been given as to the jewelry by Veluchamy Defendants (and, to the extent applicable, by Arun and Anu).

3.  Anu's counsel was unable to attend the hearing because of what was represented to be another previously scheduled court appearance.  But Anu's counsel was ordered to deposit forthwith with the Clerk of Court, also to serve as security for the payment of plaintiff's judgment, the items of jewelry listed in Veluchamy Defendants' current jewelry floater.  Plaintiff's counsel and counsel for Anu were ordered promptly to draft, and to tender to this Court for execution, an appropriate order in that respect.

4.  As to the bona fides of the claimed indemnity agreements, pursuant to which substantial assets that plaintiff seeks to ascribe to Veluchamy Defendants have assertedly been insulated from potential application toward satisfaction of the judgments in these actions, the search continues for the identity of the lawyer or lawyers who were responsible for the preparation of, or for assistance in the preparation of, those documents.  In the meantime all counsel representing Veluchamy Defendants or Arun or Anu in these proceedings were ordered (and all but Anu's counsel have agreed in open court) to provide written confirmation of the inquiries that they and their clients have made in

connection with that search. When the matter is fully developed, this Court will consider what form of restrictive order may be called for if the identity of that lawyer or those lawyers has not been ascertained.

5. During the July 8 hearing Arun's counsel presented a motion to vacate the order that had granted FDIC a modification of the previously existing protective order so that it could have access to materials already obtained by plaintiff in the course of its citation proceedings. But this Court made clear in response to that motion that it was based in part on the seriously mistaken view of Arun's counsel as to the proper scope of discovery during the course of the citation proceedings against him and Anu (see, e.g., Star Ins. Co. v. Risk Marketing Group, 561 F.3d 656, 661-62 (7th Cir. 2009)(relying in part on Resolution Trust Co. v. Ruggiero, 994 F.2d 1221 (7th Cir. 1993)) and Dexia Credit Local v. Rogan, 629 F.3d 612 (7th Cir. 2010)). As for the merits of that motion, FDIC's counsel were ordered to file a response on or before July 15 as to Arun's assertedly protected documents, and this Court will rule shortly thereafter. In the meantime, all other documents that have been obtained by plaintiff's counsel (including Arun's documents that his counsel has not claimed to be protected from disclosure to others) were ordered to be made

available to FDIC's counsel in accordance with this Court's prior grant of FDIC's motion.

6. At the conclusion of the July 8 hearing, Veluchamy Defendants were sworn for the taking of further testimony in continued citation proceedings, to be resumed thereafter at the office of plaintiff's counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 12, 2011